IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUBRINA POUPAK SEHAT,            3:14-CV-01433-PK

         Plaintiff,                ORDER

v.

PROGRESSIVE UNIVERSAL INSURANCE,
COMPANY OF ILLINOIS, WASHINGTON
COUNTY SHERIFF'S DEPARTMENT, and
CORBRIDGE & KROLL LAW FIRM,

         Defendants.

BROWN, Judge.

    Magistrate Judge Paul Papak issued Amended Findings and Recommendation (#56) on February 26, 2015, in which he recommends this Court

    (1) Grant Defendant Progressive Universal Insurance Company's Motion (#27-1) to Dismiss and dismiss Plaintiff's Claims 1-5 against Progressive with prejudice;

1 -- ORDER

(2) Grant Progressive's Motion (#27-2) to Strike Plaintiff's conspiracy claim and "additional claims";

(3) Grant Defendant Washington County Sheriff's Department's (WCSO) Motion (#33-1) to Dismiss Plaintiff's Claims 1-4, 6-8, 9-12, and 14 against WCSO and dismiss those claims with prejudice;

(4) Deny with leave to refile WCSO's Motion (#33-2) for Summary Judgment as to Plaintiff's Claims 5, 13, and 15-17 against WCSO;

(5) Grant WCSO's Motion (#33-3) to Strike Plaintiff's conspiracy claim and "additional claims";

(6) Grant Defendant Corbridge & Kroll Law Firm's Motion (#39-1) to Dismiss and dismiss Plaintiff's claims against Corbridge & Kroll with prejudice;

(7) Grant Corbridge & Kroll's Motion (#39-2) to Strike Plaintiff's conspiracy claim and "additional claims";

(8) Deny as moot Plaintiff's Motion (#19) for Permissive Joinder;

(9) Deny as moot Plaintiff's Motion (#31) to Strike;

(10) Deny Plaintiff's Motion (#20) to Stay; and

(11) Deny Plaintiff's Motion (#21) to Set Aside State Court Judgment.

On March 23, 2015, this Court issued an Order (#64) granting Plaintiff's Motions (#60, #63) for Extension of Time to respond

to the Findings and Recommendation.  The Court directed Plaintiff to file any Objection to the Findings and Recommendation no later than April 22, 2015.

On April 28, 2015, this Court issued an Order (#85) granting Plaintiff's Motion (#80) for Extension of Time to File Objection to F&R.  The Court directed Plaintiff to file any Objection to the Findings and Recommendation no later than May 8, 2015.  The Court advised Plaintiff that it would not grant Plaintiff any further extension of time to file Objections.

On May 12, 2015, Plaintiff filed Objections (#92, #93, #94) to the Findings and Recommendation.

On May 27, 2015, the Court entered an Order in which it noted Plaintiff failed to file her Objections by May 8, 2015, as directed in the Court's April 28, 2015, Order.  The Court, therefore, struck Plaintiff's Objections and gave Plaintiff leave to show cause why the Court should consider her Objections timely filed.

On May 29, 2015, Plaintiff filed an Answer to Order for Explanation related to her late filed Objections.

On June 1, 2015, the Court entered an Order in which it concluded Plaintiff had not sufficiently explained her late filing and, therefore, ordered Plaintiff's Objections to remain

3 - ORDER

stricken[1] and the Findings and Recommendation to be under advisement. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*. *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

Having reviewed the legal principles *de novo*, the Court, adopts the Findings and Recommendation as modified herein.

### DEFENDANTS' MOTIONS (#27-1, #33-1, #39) TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM

All Defendants moved to dismiss Plaintiff's conspiracy claim for failure to state a claim. The Magistrate Judge recommended granting Defendants' Motions to Dismiss Plaintiff's conspiracy claim for failure to state a claim and dismissing Plaintiff's conspiracy claim with prejudice. The Ninth Circuit, however, has made clear that when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Alcala v. Rios*,

---

[1] Although the Court struck Plaintiff's untimely Objections, the Court, nevertheless, reviewed the materials and finds the Court would not have reached a different result even if those materials had been considered.

4 - ORDER

434 F. App'x 668, 670 (9th Cir. 2011)(quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)). Plaintiff is proceeding *pro se*, and it is unclear as to whether Plaintiff could possibly cure her failure to state a claim for conspiracy by alleging other facts. Accordingly, although the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's conspiracy claim, the Court dismisses Plaintiff's conspiracy claim without prejudice and grants Plaintiff leave to amend to file a Second Amended Complaint to cure the deficiencies of that claim as set out in the Findings and Recommendation.

## DEFENDANT WCSO'S MOTION (#33-1) TO DISMISS PLAINTIFF'S STATE TORT CLAIMS 1-4, 6-8

As noted, the Magistrate Judge recommends the Court dismiss with prejudice Plaintiff's Claims 1-4 and 6-8 against WCSO for failure to plead compliance with the tort claims notice requirement of the Oregon Tort Claims Act (OTCA), Oregon Revised Statute § 30.275. Although it is clear that Plaintiff has not alleged facts sufficient to establish compliance with the notice requirement of the OTCA as set out in the Findings and Recommendation, it is not clear that Plaintiff could not cure her failure. The Court, therefore, declines to dismiss Plaintiff's Claims 1-4 and 6-8 against WCSO with prejudice. *See, e.g. Rodriguez v. Central Sch. Dist. 13J*, No. 12-CV-01223-HU, 2012 WL 6756945, at *4 (D. Or. Nov. 14, 2012)("The Oregon Supreme Court

5 - ORDER

has held that the *pleading* and proof of notice sufficient to satisfy the requirements of O.R.S. 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act. Accordingly, the School's motion to dismiss Rodriguez's Second, Fourth, and Sixth Claims for Relief should be granted, and those claims should be dismissed *without prejudice*, allowing Rodriguez to take appropriate steps to amend her Complaint to allege the giving of proper notice under the OTCA.")(emphasis in original).

Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's Claims 1-4 and 6-8 for failure to allege facts sufficient to establish compliance with the notice requirement of the OTCA. The Court, however, dismisses Plaintiff's Claims 1-4 and 6-8 against WCSO without prejudice and grants Plaintiff leave to amend to file a Second Amended Complaint to the extent that Plaintiff can allege facts to establish that she gave notice of Claims 1-4 and 6-8 to WCSO within 180 days of the alleged loss or injury.

## DEFENDANT CORBRIDGE & KROLL'S MOTION (#39) TO DISMISS

The Magistrate Judge recommended the Court dismiss with prejudice Plaintiff's Claims 1-11 against Corbridge & Kroll for lack of subject-matter jurisdiction. Plaintiff has failed to establish this Court has subject-matter jurisdiction over

Plaintiff's Claims 1-11 against Corbridge & Kroll. The Ninth Circuit, however, had held "[o]rdinarily a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). *See also Craan v. U.S. Army Corps of Engineers*, 337 F. App'x 682, 683 (9th Cir. 2009). When another court has the power to hear the case, a court should dismiss a plaintiff's claims without prejudice. *Id*.

Here, as noted in the Findings and Recommendation, the Oregon state courts have jurisdiction over Plaintiff's Claims 1-11 against Corbridge & Kroll. Accordingly, the Court dismisses Plaintiff's Claims 1-11 against Corbridge & Kroll without prejudice.

## REMAINDER OF THE FINDINGS AND RECOMMENDATION

As to the remainder of the Findings and Recommendation, the Court has reviewed the legal principles *de novo* and does not find any error or basis for modification of the Findings and Recommendation. The Court, therefore, adopts the remainder of the Findings and Recommendation without modification.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Acosta's

7 - ORDER

Findings and Recommendation (#56). Accordingly, the Court

    (1)  **GRANTS** Progressive's Motion (#27-1) to Dismiss and **DISMISSES with prejudice** Plaintiff's Claims 1-5 against Progressive and Plaintiff's "additional claims" against Progressive;

    (2)  **GRANTS** Progressive's Motion (#27-2) to Strike Plaintiff's conspiracy claim and **STRIKES** that claim with leave to amend to cure the deficiencies set out in the Findings and Recommendation;

    (3)  **GRANTS** WCSO's Motion (#33-1) to Dismiss Plaintiff's Claims 1-4, 6-8, 9-12, 14, and "additional claims" against WCSO, **DISMISSES with prejudice** Plaintiff's Claims 9-12, 14, and "additional claims," and **DISMISSES without prejudice** Plaintiff's claims 1-4 and 6-8 with leave to amend to the extent that Plaintiff can allege facts to establish she gave notice to WCSO of Claims 1-4 and 6-8 within 180 days of the alleged loss or injury;

    (4)  **DENIES** WCSO's Motion (#33-2) for Summary Judgment as to Plaintiff's Claims 5, 13, and 15-17 against WCSO with leave to refile as set out in the Findings and Recommendation;

    (5)  **GRANTS** WCSO's Motion (#33-3) to Strike Plaintiff's conspiracy claim and **STRIKES** that claim with leave to

amend to cure the deficiencies set out in the Findings and Recommendation;

(6) **GRANTS** Defendant Corbridge & Kroll's Motion (#39-1) to Dismiss, **DISMISSES without prejudice** Plaintiff's Claims 1-11 against Corbridge & Kroll without leave to amend, and **DISMISSES with prejudice** Plaintiff's "additional claims" against Corbridge & Kroll;

(7) **GRANTS** Corbridge & Kroll's Motion (#39-2) to Strike Plaintiff's conspiracy claim and **STRIKES** that claim with leave to amend to cure the deficiencies set out in the Findings and Recommendation;

(8) **DENIES as moot** Plaintiff's Motion (#19) for Permissive Joinder;

(9) **DENIES as moot** Plaintiff's Motion (#31) to Strike;

(10) **DENIES** Plaintiff's Motion (#20) to Stay; and

(11) **DENIES** Plaintiff's Motion (#21) to Set Aside State Court Judgment.

Accordingly, until Plaintiff files a Second Amended Complaint and/or Defendants file further dispositive motions, this matter shall proceed only on Plaintiff's claims against Progressive for breach of contract and Plaintiff's claims against WCSO for excessive force, conditions of confinement, public-entity liability, due process, and excessive fine.

Because this matter is proceeding before the Magistrate

9 - ORDER

Judge, the Court defers to the Magistrate Judge to set a deadline for Plaintiff to file a Second Amended Complaint to amend only the conspiracy claim against WCSO and Claims 1-4 and 6-8 against WCSO.

IT IS SO ORDERED.

DATED this 26th day of August, 2015.

_____
ANNA J. BROWN
United States District Judge

10 - ORDER