IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUBRINA P. SEHAT,

    Plaintiff,

v.

PROGRESSIVE UNIVERSAL INSURANCE COMPANY OF ILLINOIS, WASHINGTON COUNTY SHERIFF'S DEPARTMENT, and CORBRIDGE & KROLL LAW FIRM,

    Defendants.

3:14-cv-01433-PK

FINDINGS & RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Subrina Sehat filed this *pro se* action *in forma pauperis* on September 4, 2014. Now before the court are defendant Washington County Sheriff's Office's ("WCSO") Rule 8 Motion to Dismiss (#135-1), WCSO's Motion to Strike (#135-2), and WCSO's Motion to Dismiss for Insufficiency of Process (#135-3). For the reasons provided below, WCSO's Rule 8 Motion to Dismiss and Motion to Dismiss for Insufficiency of Process should be granted. WCSO's Motion to Strike should be denied as moot.

## BACKGROUND

On October 8, 2014, Sehat filed her First Amended Complaint (#18), which was 64-pages long. Defendants subsequently filed motions to dismiss and motions for summary judgment. On August 27, 2015, Judge Anna Brown issued an Order (#100)[1] dismissing a large number of Sehat's claims. Sehat then filed her Second Amended Complaint (#115) ("SAC") on November 17, 2015. Sehat's SAC spans 148 pages and is accompanied by over 200 pages of exhibits. *See*

---

[1] *See also* Order (#104) (amending the August 27, 2015 Order).

FINDINGS & RECOMMENDATION—PAGE 1

Supplements (#116 - #132). On December 2, 2015, WCSO filed the present motion. On December 30, 2015, the court entered an Order (#146) granting Sehat's Motion for Appointment of Pro Bono Counsel (#133) and staying all pending motions. The court then made numerous attempts to secure counsel for Sehat. Those attempts were unsuccessful. Consequently, on March 28, 2016, the court lifted the stay on the present motion. *See* Order (#175). This matter is now fully submitted and prepared for decision.

## DISCUSSION

### I. Motion to Dismiss for Insufficiency of Process

Sehat's claims against Deputy O'Reilly, Deputy Wiley, Deputy Mock, and Deputy John and Jane Does (the "Deputy Defendants") should be dismissed. None of the Deputy Defendants were served with a summons or complaint. Federal Rule of Civil Procedure 4(m) provides that the court must dismiss an action against a defendant that is not served within 90 days after a complaint is filed.

Additionally, the dismissal of the claims against the Deputy Defendants should be with prejudice. The claims are subject to a two-year statute of limitations. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). As Sehat's SAC makes clear, her claims against the Deputy Defendants are based on events that took place in September of 2013. *See* SAC ¶¶ 155-311 (#115). However, Sehat did not assert those claims until she filed her SAC on November 17, 2015—after the two-year statute of limitations had expired.

Moreover, Sehat's claims against the Deputy Defendants do not relate back to the date of her original Complaint. Relation back requires that that the Deputy Defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15. Mistaken identity did not prevent

Sehat from bringing her claims against the Deputy Defendants within the statute of limitations. Indeed, Sehat's earlier complaints demonstrate that she knew of the Deputy Defendants at the beginning of this litigation. Sehat's claims against the Deputy Defendants therefore do not relate back to the date of her original Complaint. *See, e.g., In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1041 (N.D. Cal. 2009) (citations omitted); *see also Hagen v. Williams*, No. 6:14-CV-00165-MC, 2014 WL 6893708, at *6 (D. Or. Dec. 4, 2014) ("I agree with the majority of other courts that intentionally naming a 'John Doe' Defendant is not a 'mistake' as to the Defendant's identity."). Because Sehat's claims against the Deputy Defendants are time-barred, they should be dismissed with prejudice.

## II.   Motion to Dismiss for Failure to Comply with Rule 8

The remainder of Sehat's SAC should be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain the following three components:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)). On a Rule 8 motion to dismiss, the nonmoving party bears the burden of establishing that the Rule's requirements have not been met. *See*

*Bryant v. Apotex, Inc.*, No. 1:12-CV-01377 LJO, 2013 WL 394705, at *5 (E.D. Cal. Jan. 30, 2013) (citing *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1165 (C.D. Cal. 2002)).

Sehat's SAC does not contain a short and plain statement showing that Sehat is entitled to relief, as required by Rule 8(a)(2), or a demand for relief, as required by Rule 8(a)(3). Rather, the SAC contain a 136-page narrative that is remarkably difficult to understand. *See* SAC 10-46 (#115). Following the narrative, Sehat devotes approximately one and a half pages to an unexplained list of the claims she asserts against the various defendants. *Id.* at 46-48. Sehat does not connect any of the facts from her narrative to her claims. *See id.* Indeed, Sehat does not even assert any claims against the Doe defendants. Consequently, Defendants (and the court) are left to guess the grounds upon which Sehat's claims rest. The SAC therefore fails to satisfy Rule 8. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (reiterating that Rule 8(a)(2) requires complaints to contain a statement that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests" (internal quotation marks omitted) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

It is critical that Sehat recognize that the deficiencies in her SAC cannot be cured by simply adding more content. Indeed, the primary problems with her SAC are that it contains *too much* irrelevant and redundant material and that it fails to connect the relevant material with her legal claims. Sehat is reminded that her complaint is not the place to include any and all evidence that may support her claims. In drafting her Third Amended Complaint, Sehat is directed to consult the court's Guide for Self-Represented Parties and Complaint Forms, which provide guidance on how to draft a proper complaint. Both documents are available at: https://www.ord.uscourts.gov/index.php/component/content/article?id=124&Itemid=329.

## CONCLUSION

For the reasons provided above, WCSO's Rule 8 Motion to Dismiss (#135-1) and Motion to Dismiss for Insufficiency of Process (#135-3) should be granted. The Motion to Strike (#135-2) should be denied as moot. All other pending motions in this case should also be denied as moot with leave to refile after Sehat files her Third Amended Complaint. Sehat should be directed to file her Third Amended Complaint within 45 days of an Order adopting this Findings and Recommendation.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. The Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.

Dated this 15th day of April, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge