IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUBRINA POUPAK SEHAT, | 3:14-CV-01433-PK |
| Plaintiff, | ORDER |
| v. | |
| PROGRESSIVE UNIVERSAL INSURANCE COMPANY OF ILLINOIS, et al., | |
| Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on the Ninth Circuit's Referral Notice, Case No. 17-35168, referring Plaintiff's appeal to this Court for the sole purpose of determining whether Plaintiff's "*in forma pauperis* status should continue for [her] appeal or whether the appeal is frivolous or taken in bad faith."

The Court concludes Plaintiff's *in forma pauperis* status should not continue for appeal.

1 - ORDER

## BACKGROUND

On September 4, 2014, Plaintiff Subrina Poupak Sehat filed a Complaint in this Court in which she alleged claims against Defendant Progressive Universal Insurance Company for intentional infliction of emotional distress; "intent & deprivation of liberty, pursuit of happiness"; obstruction of justice; "malicious intent to injure" conspiracy to interfere with civil rights; "neglect to prevent conspiracy"; failure to provide the standard of care; breach of contract; "mental suffering and emotional distress"; negligent infliction of emotional distress; breach of fiduciary duty; and "aggravation of previous injury" related to two automobile accidents Plaintiff was involved in and Plaintiff's alleged automobile-insurance coverage by Progressive Universal.

On October 27, 2014, Plaintiff filed a 68-page First Amended Complaint against Defendants Progressive, Washington County Sheriff's Office (WCSO), and Corbridge & Kroll Law Firm. Plaintiff brought nine tort and contractual claims against Progressive arising out of an insurance-coverage dispute, eleven claims against Corbridge & Kroll comprising a "conspiracy to commit legal malpractice," seventeen claims against WCSO for tort and civil-rights violations, and forty-four "additional claims" against Defendants.

Progressive filed a Motion to Dismiss, WSCO filed a Motion

2 - ORDER

for Summary Judgment and a Motion to Dismiss, Corbridge & Kroll filed a Motion to Dismiss, and Plaintiff filed numerous other motions.

On February 26, 2015, Magistrate Judge Paul Papak issued Amended Findings and Recommendations in which he recommended, among other things, that the Court (1) grant Progressive's Motion to Dismiss and dismiss with prejudice Plaintiff's Claims 1-5 against Progressive; (2) grant WCSO's Motion to Dismiss Plaintiff's Claims 1-4, 6-8, 9-12, and 14 and dismiss with prejudice those claims against WCSO; (3) deny with leave to refile WCSO's Motion for Summary Judgment as to Plaintiff's Claims 5, 13, and 15-17 against WCSO; (4) grant Corbridge & Kroll's Motion to Dismiss and dismiss with prejudice Plaintiff's claims against Corbridge & Kroll; and (5) deny Plaintiff's various motions.

On March 23, 2015, this Court issued an Order (#64) granting Plaintiff's Motions (#60, #63) for Extension of Time to respond to the Findings and Recommendation. The Court directed Plaintiff to file any Objection to the Findings and Recommendation no later than April 22, 2015.

On April 28, 2015, this Court issued an Order (#85) granting Plaintiff's Motion (#80) for Extension of Time to File Objection to Findings and Recommendation. The Court directed Plaintiff to file any Objection to the Findings and Recommendation no later

3 - ORDER

than May 8, 2015. The Court advised Plaintiff that it would not grant Plaintiff any further extension of time to file Objections.

On May 12, 2015, Plaintiff filed Objections (#92, #93, #94) to the Findings and Recommendation.

On May 27, 2015, the Court entered an Order in which it noted Plaintiff failed to file her Objections by May 8, 2015, as directed in the Court's April 28, 2015, Order. The Court, therefore, struck Plaintiff's Objections and gave Plaintiff leave to show cause why the Court should consider her Objections timely filed.

On May 29, 2015, Plaintiff filed an Answer to Order for Explanation related to her untimely Objections.

On June 1, 2015, the Court entered an Order in which it concluded Plaintiff had not sufficiently explained her late filing and, therefore, ordered Plaintiff's Objections to remain stricken.[1] The Court took the Findings and Recommendation to be under advisement on June 1, 2015.

On August 26, 2015, the Court issued an Order in which it adopted as modified the Findings and Recommendation and (1) granted Progressive's Motion to Dismiss and dismissed with prejudice Plaintiff's Claims 1-5 against Progressive and

---

[1] Although the Court struck Plaintiff's untimely Objections, the Court, nevertheless, reviewed the materials and found it would not have reached a different result even if it had considered those materials.

4 - ORDER

Plaintiff's "additional claims" against Progressive; (2) granted WCSO's Motion to Dismiss Plaintiff's Claims 1-4, 6-8, 9-12, 14, and "additional claims" against WCSO, dismissed with prejudice Plaintiff's Claims 9-12, 14, and "additional claims," and dismissed without prejudice Plaintiff's claims 1-4 and 6-8 with leave to amend to the extent that Plaintiff could allege facts to establish that she gave notice to WCSO of Claims 1-4 and 6-8 within 180 days of the alleged loss or injury; (3) denied WCSO's Motion for Summary Judgment as to Plaintiff's Claims 5, 13, and 15-17 against WCSO with leave to refile as set out in the Findings and Recommendation; (4) granted Corbridge & Kroll's Motion to Dismiss, dismissed without prejudice Plaintiff's Claims 1-11 against Corbridge & Kroll without leave to amend, and dismissed with prejudice Plaintiff's "additional claims" against Corbridge & Kroll; and (5) denied Plaintiff's various motions. The Court concluded the matter would proceed only on Plaintiff's claims against Progressive for breach of contract and Plaintiff's claims against WCSO for excessive force, conditions of confinement, public-entity liability, due process, and excessive fine until Plaintiff filed a Second Amended Complaint and/or Defendants filed further dispositive motions.

On November 17, 2015, Plaintiff filed a 148-page Second Amended Complaint and included 200 pages of exhibits.

On December 2, 2015, WCSO filed a Motion to Dismiss for

failure to comply with Federal Rule of Civil Procedure 8. On April 15, 2015, Magistrate Judge Paul Papak issued Findings and Recommendation in which he recommended the Court grant WCSO's Motion to Dismiss and directed Plaintiff to file a Third Amended Complaint that cured the deficiencies set out in the Findings and Recommendation. The Magistrate Judge specifically advised Plaintiff:

> It is critical that Sehat recognize that the deficiencies in her SAC cannot be cured by simply adding more content. Indeed, the primary problems with her SAC are that it contains *too much* irrelevant and redundant material and that it fails to connect the relevant material with her legal claims. Sehat is reminded that her complaint is not the place to include any and all evidence that may support her claims. In drafting her Third Amended Complaint, Sehat is directed to consult the court's Guide for Self-Represented Parties and Complaint Forms, which provide guidance on how to draft a proper complaint.

Findings and Recommendation (#179) at 4.

On May 16, 20016, the Court issued an Order in which it adopted the Findings and Recommendation and, among other things, granted WSCO's Motion to Dismiss and granted Plaintiff leave to file a Third Amended Complaint consistent with the Findings and Recommendation.

On July 6, 2016, Plaintiff filed a 52-page Third Amended Complaint, which included over 700 pages of declarations and exhibits, and brought claims against Defendant Ryan Corbridge for the first time.

All Defendants filed Motions to Dismiss Plaintiff's Third Amended Complaint.

On November 22, 2016, Magistrate Judge Papak issued Findings and Recommendation in which he recommended the Court grant WCSO's Motion to Dismiss, grant Corbridge's Motion to Dismiss, grant Progressive's Motion to Dismiss, and dismiss this matter with prejudice. In addition to his analysis of the substance of Plaintiff's Third Amended Complaint, the Magistrate Judge also noted:

> As with her previous Complaints, Plaintiff devotes considerable time and attention to irrelevant matters, including lengthy descriptions of nineteenth-century Oregon politics, the formation of Washington County, Progressive's Internet-based business strategy, and the manner in which a Washington County jail inmate identified only as Laura was transported to and from the jail showers. Plaintiff's supporting documents are similarly replete with irrelevant and redundant material, including long digressions on Plaintiff's difficulties with her family, her objections to traditional Middle Eastern cultural norms, and her tumultuous relationship with her significant other. It is clear that Plaintiff has not complied with this Court's order that she submit a short and plain statement consistent with the requirements of Rule 8.
>
> \* \* \*
>
> Plaintiff has been given several opportunities to amend her complaint with the benefit of explicit guidance from the Court and each attempt has resulted in increasingly voluminous and confused pleadings. This Court has also endeavored to secure pro bono counsel to assist Plaintiff, but without success. Given the age of this case and Plaintiffs numerous opportunities to amend, it is clear that less drastic alternatives would be

7 - ORDER

> unavailing. Plaintiffs Third Amended Complaint
> should be DISMISSED with prejudice for failure to
> comply with the requirements of Rule 8 and this
> Court's previous orders.

Findings and Recommendation (#219) at 5-6 (citations omitted).

On February 2, 2017, the Court issued an Order in which it adopted the Findings and Recommendation and, accordingly, granted WCSO's Motion to Dismiss, granted Corbridge's Motion to Dismiss, granted Progressive's Motion to Dismiss, and dismissed this matter with prejudice. The Court also entered a Judgment dismissing this matter with prejudice.

On February 21, 2017, Plaintiff filed a Notice of Appeal.

On February 27, 2017, the Ninth Circuit, as noted, referred Plaintiff's appeal to this Court for the sole purpose of determining whether Plaintiff's "*in forma pauperis* status should continue for [his] appeal or whether the appeal is frivolous or taken in bad faith."

The Court points out that throughout the duration of this matter both this Court and the Magistrate Judge repeatedly noted Plaintiff failed to comply with the Court's orders to provide a short and plain statement of her claims. In addition, Plaintiff was provided with numerous chances to state and to support viable claims but failed to do so. Thus, the Court concludes Plaintiff's appeal is frivolous and Plaintiff's *in forma pauperis* status should not continue for Plaintiff's appeal.

8 - ORDER

## CONCLUSION

For these reasons, the Court concludes Plaintiff's appeal is frivolous, and, therefore, Plaintiff's *in forma pauperis* status should not continue for Plaintiff's appeal.

IT IS SO ORDERED.

DATED this 8th day of March, 2017.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge